UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-00168

ALLIANZ GLOBAL RISK US INSURANCE
COMPANY, as subrogee of VALE
NEWFOUNDLAND & LABRADOR LTD.                                    PLAINTIFFS

v.

MARQUETTE TRANSPORTATION
COMPANY, LLC and MAMMOET
HUNTS ATLANTIC LTD.                                             DEFENDANTS

and

MARQUETTE TRANSPORATION
COMPANY OFFSHORE, LLC                                  THIRD-PARTY PLAINTIFF

v.

THOMAS HINE and JAMES LeFEVRE                       THIRD-PARTY DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on a motion to dismiss by the Third-Party Defendants. (Third-Party Defs.' Mot., Docket Number ("DN") 11.) Third-Party Plaintiff Marquette Transportation Company Offshore, LLC, responded. (Third-Party Pl.'s Resp., DN 12.) The Third-Party Defendants replied. (Third-Party Defs.' Reply, DN 17.) Marquette filed a supplemental surreply. (Third-Party Pl.'s Surreply, DN 20.) Fully briefed, this matter is ripe for adjudication. For all of the following reasons, the Third-Party Defendants' motion is **DENIED**.

**I.**

As developed at this preliminary stage, the underlying facts are as follows. Third-Party Plaintiff Marquette Transportation Company Offshore, LLC ("Marquette"),[1] owns the vessel *M/V*

---

[1] Marquette Transportation Company Offshore, LLC, is a wholly-owned subsidiary of Marquette Transportation, LLC. Marquette Transportation, LLC, is a defendant in the underlying action and alleges that *M/V Miss Katie* was

1

*Miss Katie*. On November 15, 2011, while traveling on the Kentucky Lake portion of the Tennessee River, *M/V Miss Katie* allided with the Eggners Ferry Bridge, a highway bridge that allows road traffic to cross the lake. At that time *M/V Miss Katie* carried fiberglass process tanks owned by Vale Newfoundland & Labrador, Ltd. ("Vale"). Those tanks were allegedly damaged in the accident, and Allianz Global Risk US Insurance Company ("Allianz"), as subrogee of Vale, instituted this action against Marquette and another entity, Mammoet Hunts Atlantic, Ltd., in order to recover for those damages.

At the time it answered the complaint, Marquette simultaneously filed third-party claims against Thomas Hines ("Hines") and James LeFevre ("LeFevre"). During the period relevant to the underlying suit, Hines and LeFevre were employed by the Kentucky Transportation Cabinet and maintained the Eggners Ferry Bridge. Marquette alleges that Hines and LeFevre were responsible for navigational lighting on the bridge, and their failure to properly mark the bridge ultimately caused *M/V Miss Katie* to allide with an unlighted portion of the bridge. Marquette seeks indemnity from Hines and LeFevre for any damages Allianz collects as a result of damages to the fiberglass processing tanks.

Hines and LeFevre now seek to dismiss Marquette's third-party complaint on two grounds. First, they claim that the third-party complaint is silent as to whether Marquette sued them in their official or individual capacities, and to the extent that they are sued in their official capacities, they, as employees of the Commonwealth of Kentucky acting in their official capacities, are immune from suit under the Eleventh Amendment. In essence, Hines and LeFevre seek dismissal of any official capacity claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. Second, the Third-Party Defendants assert that any

---

owed by Marquette Transportation Offshore, LLC, at the time of the accident. For sake of clarity the Court refers to them collectively as "Marquette."

individual capacity claims must be dismissed pursuant to Rule 12(b)(6) because the third-party complaint contains insufficient factual allegations to state individual claims against them. As explained below, Marquette offers rebuttal arguments on each of these positions. The Court first addresses the jurisdictional argument under Rule 12(b)(1) and then considers the sufficiency argument under Rule 12(b)(6).

## II.

### A.

Under the Federal Rules of Civil Procedure a defendant may move to dismiss an action for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig.*, 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004).

### B.

Hines and LeFevre first contend that the Court lacks jurisdiction to hear the claims

against them because "the Eleventh Amendment creates a jurisdictional bar to suit against states and state employees sued in their official capacities for money damages." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (discussing the holding of *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). They argue that the Court must assume Marquette's claims are brought against them in their official capacities because the third-party complaint does not identify the capacity in which they allegedly acted. If asserted against Hines and LeFevre in their official capacities as employees of the Kentucky Cabinet of Transportation, and thereby as agents of the state of Kentucky, then those claims are barred by the Eleventh Amendment.

Although it is preferable "that plaintiffs explicitly state whether a defendant is sued in his or her 'individual capacity,' failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice [that they could be held individually liable]." *Moore*, 272 F.3d at 772 (citations omitted). The "course of proceedings" test asks if "defendants have received notice of the plaintiff's intent to hold them personally liable[.]" *Id*. The language of the complaint is obviously the best indicator as to whether defendants have been put on notice that a claim is asserted against them individually. Where the complaint is silent on the subject, however, courts have looked to later filed motions and "later pleadings, such as a response to a motion for summary judgment, to determine whether proper notice has been given." *Id*. (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995) and *Abdur-Rahman v. Mich. Dep't of Corrs.*, 65 F.3d 489, 491 (6th Cir. 1995)).

In its response brief, Marquette clarifies that it intended "to present claims against Third-Party Defendants in their individual capacities for their negligence in the performance (or non-performance) of ministerial acts and duties." (Third-Party Pl.'s Resp., DN 12, p. 2.) In other words, Marquette does not seek to assert claims against Hines and LeFevre in their official

capacities. Accordingly, Marquette has unequivocally stated that it seeks to recover from the Third-Party Defendants in their individual capacities. Hines and LeFevre have been put on notice that Marquette seeks to recover money damages against them individually. Marquette is adamant that it has not asserted and does not wish to assert any official capacity claims against Hines or LeFevre. The Court finds that all claims asserted in the third-party complaint are made against Hines and LeFevre in their individual capacities and are therefore not barred by the Eleventh Amendment. To the extent that Marquette seeks to recovery monetary damages against the Third-Party Defendants in their individual capacities, the Court has jurisdiction to hear those claims and Hines and LeFevre's first grounds for dismissal is unavailing.

### III.

#### A.

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Additionally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto . . . and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to

the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

**B.**

The course of the proceedings in this action reveals that Marquette brings individual capacity claims against Hines and LeFevre. The Third-Party Defendants next contend that the factual allegations in the third-party complaint are insufficient to state a claim against them in their individual capacities and, therefore, cannot survive a Rule 12(b)(6) motion to dismiss. In order to address the motion to dismiss, the Court must examine the allegations contained in the third-party complaint.

The third-party complaint alleges that the Eggners Ferry Bridge is owned by the Commonwealth of Kentucky and the Kentucky Transportation Cabinet and is operated pursuant to the terms and conditions of a permit issued by the United States Coast Guard. (Third-Party Complaint, DN 7, ¶¶ 11-12.) The permit requires the bridge's spans and piers to be marked with navigation lights and inspected and maintained in working condition. (*Id.* at ¶ 13.)

Hines was employed by the Kentucky Transportation Cabinet "as the supervisor of the division of permits and traffic." (*Id.* at ¶ 14.) In that role, he was "responsible for the oversight of the repair, maintenance and inspection of the . . . navigation lights required by the United States Coast Guard permit which governed the Eggners Ferry Bridge." (*Id.* at ¶ 15.) LeFevre was employed by the Kentucky Transportation Cabinet as a "district engineer," and in that role "he was [Hines's] supervisor and also responsible for carrying out the obligation contained in the United States Coast Guard permit to properly light the Eggners Ferry Bridge." (*Id.* at ¶ 16.)

Marquette alleges that *M/V Miss Katie*'s allision with the Eggners Ferry Bridge was "proximately caused by the negligence of the third party defendants, Mr. Hines and Mr. LeFevre, in the following aspects:"

    a. Failure to propound rules requiring adequate inspections to keep the navigation lights working as required by the bridge permit;

    b. Failure to require adequate inspection of the navigation lights;

    c. Failure to maintain records of inspections of the navigation lights;

    d. Failure to effect repairs of the navigation lights in a timely fashion as required by the bridge permit;

    e. Failure to adequately repair the navigation lighting system as required by the permit;

    f. Failure to maintain the navigation lighting as required by the bridge permit;

    g. Failure to upgrade the navigation lighting system to insure that it would

7

>   perform as required by the bridge permit; [and]
>
> h. Failure to train Mr. Hines and others of the content of the United States Coast Guard bridge permit so that the permit could be complied with[.]

(*Id.* at ¶ 21.)  In their motion to dismiss, Hines and LeFevre argue the above-listed actions are void of any allegations that they acted in their individual capacities and that all of the actions only relate to their official duties as employees of the Kentucky Transportation Cabinet.

In response to the Third-Party Defendant's Rule 12(b)(6) argument, Marquette directs the Court to *Yanero v. Davis*, 65 S.W.3d 510, 523 (Ky. 2001).  In *Yanero*, the Kentucky Supreme Court held that "when an officer or employee of a state or county (or one of its agencies) is sued in his or her individual capacity, that officer or employee enjoys qualified immunity, 'which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment.'"  *Haney v. Monsky*, 311 S.W.3d 235, 240 (Ky. 2010) (quoting *Yanero*, 65 S.W.3d at 522)).  State employees acting within the scope of their employment are granted qualified immunity "where the act performed by the official or employee is one that is discretionary in nature.  Discretionary acts are . . . 'those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment.'"  *Id.* at 240 (quoting *Yanero*, 65 S.W.3d at 522).  Discretionary acts are to be distinguished from ministerial functions. "[M]inisterial acts or functions–for which there are no immunity–are those that require 'only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts.'"  *Id.* (quoting *Yanero*, 65 S.W.3d at 522).  Relying on *Yanero*, Marquette claims that the acts listed in the third-party complaint and negligently performed by Hines and LeFevre were *ministerial*, not discretionary, acts.  As such, Marquette argues that the individual capacity claims may not be dismissed because Hines and LeFevre may be held individually liable for negligently performed

8

ministerial acts that proximately caused the accident.

Considering all of the foregoing arguments, the real issue before the Court is whether the acts alleged in the third-party complaint were discretionary or ministerial. If discretionary, Hines and LeFevre are entitled to qualified immunity and the individual capacity claims must be dismissed. If ministerial and negligently performed, however, they may be held individually liable. Marquette contends that the acts listed in the complaint were ministerial because they were *required* by the bridge permit issued to the state of Kentucky by the United States Coast Guard. In Marquette's view, the Third-Party Defendants were given no discretion and were required by the bridge permit to carry out those functions. Hines and LeFevre, on the other hand, argue that they are entitled to qualified immunity because the listed actions were wholly discretionary and that they were given wide latitude and authority over how and whether those actions were performed.

At this stage, the evidentiary record is insufficient for the Court to determine whether the actions listed in the third-party complaint were ministerial or discretionary. Marquette asserts in its pleadings and briefings that Hines and LeFevre negligently performed ministerial acts that proximately caused the *M/V Miss Katie* to allide with the Eggners Ferry Bridge. Taking these allegations as a true, the Court finds that Marquette has stated a claim upon which relief can be granted. Therefore, the third-party complaint contains sufficient allegations to overcome the Rule 12(b)(6) motion to dismiss.

Hines and LeFevre have cited numerous cases to the Court that lend substantial weight to their position that the actions listed in the third-party complaint were discretionary and not ministerial. It appears to the Court that many of the listed actions may ultimately be discretionary functions for which Hines and LeFevre will be entitled to qualified immunity.

Without the benefit of discovery on the issue, however, the Court is unable to determine which of those action, if any, were actually discretionary. Discovery will further reveal whether the actions attributed to Hines and LeFevre in the third-party complaint were ministerial or discretionary. For any actions that the Third-Party Defendants believe to be discretionary, they may renew their qualified immunity arguments in a motion for summary judgment after a period of discovery.

## CONCLUSION

This matter came before the Court on a motion to dismiss by the Third-Party Defendants. For all of the foregoing reasons that motion is **DENIED**. The Third-Party Defendants' motion in the alternative for a more definite statement has been rendered **MOOT** in the course of the proceedings by the Defendant's clarifying statements that it only seeks to recover monetary damages against the Third-Party Defendants in their individual capacities.