UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-168-GNS-LLK

ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, *et al.*          PLAINTIFFS

v.

MAMMOET HUNTS ATLANTIC LTD, *et al.*          DEFENDANTS
and THIRD-PARTY PLAINTIFFS

v.

THOMAS HINES, *et al.*          THIRD-PARTY DEFENDANTS

**OPINION AND ORDER**

Marquette Transportation Company Offshore, LLC, moved this Court for an extension of time (Docket # 58) to file a response to LeFevere's and Hines's Motion for Summary Judgment (Docket # 57) filed by Third-Party Defendants. The Respondents filed their response brief and Marquette Transportation Company Offshore, LLC, filed a reply brief. (Docket ## 59, 60).[1] The motion is ripe for the Court's consideration. For the reasons stated below, the Court grants Marquette Transportation Company Offshore, LLC's motion.

The Court faces a set of conflicting principals related to the timing of the determination of the motion for summary judgment. The Third-Party Defendants based their motion for summary judgment on Kentucky law's qualified official immunity granted "to public officers or employees if their actions are discretionary." *Autry v. W. Ky. Univ.*, 219 S.W.3d 713, 717 (Ky.

---

[1] Motions have been filed on the same grounds, both for summary judgment and extension of time, in a companion case to the instant case, *In re Foss Maritime Company*, No. 5:12-CV-21-GNS-LLK. Both cases deal with allisions with the Eggners Ferry Bridge and Third-Party Defendants' potential liability for those allisions. The Court comes to the same resolution as to the motions for extension of time in both cases.

2007); (Docket # 57-1, pp. 13-14). Kentucky's qualified official immunity protects a defendant from both liability and the burdens attendant to litigation. *Rowan Cty. v. Sloas*, 201 S.W.3d 469, 474 (Ky. 2006). As such, the courts favor resolving the question on qualified official immunity as soon as possible. *See Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004) ("[W]hen faced with a motion based on qualified immunity, a district court can not avoid ruling on the issue."). It can constitute error for the trial court to delay the ruling until the close of all discovery. *Id.*

Third-Party Defendants contend that for this Court to grant Marquette Transportation Company Offshore, LLC's motion, and thereby allow additional discovery, would serve as "the equivalent of a conclusive determination" of the motion for summary judgment. (Docket # 59-1). The Court disagrees. First, by granting the instant motion, the Court does not determine the underlying motion for summary judgment. Third-Party Defendants will have their motion determined by the District Judge once ripe. Second, by allowing the development of the record on the issue of qualified official immunity, the Court will allow the determination of the motion for summary judgment before the close of all discovery[2] and based on a fully developed record as to the pertinent fact issues of the motion. If successful in their motion, Third-Party Defendants will potentially avoid the remainder of discovery, the remainder of dispositive motions, *Daubert* motions, trial, and appeal. The Court believes that allowing the brief extension for Marquette Transportation Company Offshore, LLC, to respond to the motion for summary judgment provides the earliest possible, just means to determine the immunity question, given the current posture of the case.

---

[2] No discovery deadlines currently exist. The Court will reassess these and other deadlines after the parties meet and confer as to appropriate, new deadlines, no later than August 25, 2015. (Docket # 56).

The difference between the contexts of Kentucky's qualified official immunity and the federal caselaw cited by Third-Party Defendants provides another important distinction. The question of qualified official immunity under Kentucky law turns, in part, on the distinction between discretionary and ministerial actions. *Yanero v. Davis*, 65 S.W.3d 510, 523 (Ky. 2001). Third-Party Defendants argue that because they acted within their official roles in a discretionary function, the defense of qualified official immunity applies to them. (Docket # 57-1, p. 13). "[T]he question of whether a particular act or function is discretionary or ministerial in nature is and, indeed, should be, inherently fact-sensitive." *Haney v. Monsky*, 311 S.W.3d 235, 246 (Ky. 2010). While the question of the application of qualified official immunity presents a question of law, the Court must examine the facts related to the discretionary-or-ministerial function question. *See Norton Hospitals, Inc. v. Peyton*, 381 S.W.3d 286, 290 (Ky. 2012); *see also Marson v. Thomason*, 438 S.W.3d 292, 298 (Ky. 2014) ("To answer those questions [related to the nature of the officials' acts], we must delve more into the facts."). *See generally Rowan Cty.*, 201 S.W.3d at 484 ("[I]t is necessary to separate out the material issues of fact which apply only to the plaintiff's claims (should they survive summary judgment), from those that are pertinent to the determination of 'qualified official immunity.'").

In contrast to the fact-intensive determinations for Kentucky law's qualified official immunity, much of the federal caselaw cited by Third-Party Defendants turns on pure questions of law. The nature of these cases, brought to vindicate constitutional or related statutory rights (often under 42 U.S.C. § 1983), allowed the reviewing courts to determine the application of immunity based on questions of pure constitutional law, namely if the actions alleged would have violated a constitutional right and if that right was clearly established at the time of the alleged violation. *E.g.*, *Skousen v. Brighton High School*, 305 F.3d 520, 526-27 (6th Cir. 2002).

In the instant matter, which sounds in negligence, the Court cannot determine if Third-Party Defendants committed a wrong as a question of law. Therefore, some discovery is necessary to determine the issue of qualified official immunity.

The Federal Rules allow the Court to defer consideration of a motion for summary judgment and allow time for the non-moving party to take discovery of facts essential to justify its opposition. Fed. R. Civ. P. 56(d). In addition, "trial courts have inherent power to control their dockets." *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003). Marquette Transportation Company Offshore, LLC, requested 90 days to complete the depositions of Third-Party Defendants' supervisors and subordinates as well as a Rule 30(b)(6) deposition of the Kentucky Transportation Cabinet. (Docket # 58-1, p. 4-5). Marquette Transportation Company Offshore, LLC's counsel also submitted an affidavit averring to that position. (Docket # 58-2). The affidavit explains why the record has not been sufficiently developed to date and what depositions will be taken to seek evidence of Third-Party Defendants' ministerial functions. *Id.* While sparse, the Court believes that the affidavit sets forth sufficiently specific reasons why Marquette Transportation Company Offshore, LLC, cannot currently present facts essential to justify its opposition to the motion for summary judgment. Fed. R. Civ. P. 56(d).

Having considered the positions of the parties and the posture and equities of the case, the Court has determined the extension will serve the just, speedy, and inexpensive determination of the action, as it stands. Fed. R. Civ. P. 1. The discretionary-or-ministerial question, central to the immunity defense, depends on facts likely known to the witnesses Marquette Transportation Company Offshore, LLC, seeks to depose. Moreover, both parties share in the blame for the delay in determining the application of the immunity defense. The Court allows the limited extension, which will terminate before the discovery deadline (as no deadline currently exists

4

and the Court does not anticipate establishing a deadline that will run in less than 90 days), to balance the potential immunity rights of Third-Party Defendants with the need for a developed factual record to determine that defense.

IT IS HEREBY ORDERED that the Court grants Marquette Transportation Company Offshore, LLC's Motion to Extend Deadline to Respond to Motion for Summary Judgment Filed by James LeFevre and Thomas Hines. (Docket # 58). Marquette Transportation Company Offshore, LLC, must file its response brief to the motion for summary judgment on or before November 3, 2015. Third-Party Defendants must file their reply brief according to the deadlines of Local Rule 7.1.

IT IS FURTHER ORDERED that the parties will meet and confer on or before August 26, 2015, to schedule the depositions Marquette Transportation Company Offshore, LLC, seeks to hold before filing its response brief. To the extent any conflict exists, the parties will prioritize the depositions Marquette Transportation Company Offshore, LLC, seeks to respond to the motion for summary judgment over other discovery. At least 24 hours before the parties meet and confer, Marquette Transportation Company Offshore, LLC, must provide to Third-Party Defendants a draft of any Rule 30(b)(6) deposition notice it intends to serve. If the parties cannot agree to topics in the notice or to schedule any of the depositions with sufficient time for Marquette Transportation Company Offshore, LLC, to timely file its response brief, then Marquette Transportation Company Offshore, LLC's counsel will contact the Court on or before August 27, 2015, and request a telephonic conference to address the parties' disagreements.

c:  Counsel